UNITED STATES DISTRICT COURT
DISTRICT OF MINNESOTA

\* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \*

Timothy A. Carter,

                  Plaintiff,

vs.                        REPORT AND RECOMMENDATION

State of Minnesota,

                  Defendant.        Civ. No. 05-1228 (ADM/RLE)

\* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \*

## I. Introduction

This matter came before the undersigned United States Magistrate Judge pursuant to a general assignment, made in accordance with the provisions of Title 28 U.S.C. §636(b)(1)(B), upon the Plaintiff's self-styled submission that the Clerk of Court construed as a Civil Complaint,[1] Docket No. 1, and application for leave to

---

[1] Whether the Plaintiff's submission, Docket No. 1, actually qualifies as a Civil Complaint is debatable, as it lacks some of the most fundamental components of an initial pleading in a civil action – e.g., a caption, a clearly identifiable defendant, factual allegations set forth in numbered paragraphs, and a plain statement of the relief requested. See, Rules 8 and 10, Federal Rules of Civil Procedure. Nevertheless, the Plaintiff's submission was accompanied by a civil cover sheet, and an application for permission to proceed in forma pauperis, and it does appear that the Plaintiff may be attempting to prosecute some type of claim, so the Clerk's Office cannot be faulted
(continued...)

proceed in forma pauperis ("IFP"). Docket No. 2. For reasons which follow, we recommend that the Plaintiff's IFP be denied, and that the action be summarily dismissed.[2]

## II. Factual Background

The substantive allegations, which are presented by the Plaintiff, who is a State prisoner, repeated verbatim and in their entirety, are as follows:

> On March 16th 2005 while in Moose Lake, MN I was placed in segergation [sic] for refusing room placement. I have seizures and I am not supposed to climb stairs. The officer who filled out my paperwork asked me if I had any medical problems or food diets. I stated to him that I had siezures [sic] and was taking medication. He then stated to me he would contact health services and let them know I was in segeration [sic]. After 2 days I asked the segergation [sic] staff about this including a kite to Lt. Korbel which he told me It is not there [sic] problem. But health services after filing a grievance Lt. Korbel stated to me 'since you are taking your medication what you worried about['] or

---

[1](...continued)
for giving the Plaintiff's submission the benefit of a liberal construction, and filing it as a Complaint.

[2]It appears from the Plaintiff's IFP Application that he may be unable to pay even the initial partial filing fee that prisoners are required to remit pursuant to Title 28 U.S.C. §1915(b)(1). Thus, the Court finds, for present purposes, that the Plaintiff has "no assets and no means by which to pay the initial partial filing fee," Title 28 U.S.C. §1915(b)(4), and that this matter should proceed directly to the initial screening process prescribed by Section 1915A.

> something to that nature.  Finally on March 21st I get my
> medication.  The next day I had ategatol [?] level which was
> a 2.7 down from a 5.5 in February.  Your Honor I have the
> eviedence [sic] to prove of wrong doing.  I have no money
> to afford a lawyer in this case.  I will gladly send you a
> copy.

Docket No. 1.

The Plaintiff's "Complaint" does not identify any party as a defendant, but his IFP Application indicates that the "State of Minnesota" is the intended Defendant, which prompted the Clerk's Office to list the "State of Minnesota" as the Defendant of Record, and the Court finds no reason to disagree with that denomination.[3]  The Plaintiff has not identified any legal grounds for suing the State of Minnesota, nor has he described the relief he is seeking in this action.

## II. Discussion

Since the Plaintiff is a prisoner, who is seeking redress from a governmental entity -- namely the State of Minnesota -- his pleading is subject to preliminary

---

[3]The Plaintiff filed a Civil Cover sheet that seems to indicate the intended Defendants are "Joan Fabian Commissioner," and the "Minnesota State Prison Moose Lake."  However, Joan Fabian is never even mentioned in the Plaintiff's "Complaint," and there is nothing in the Record to suggest that the Plaintiff has any grounds for attempting to sue her.  "Minnesota State Prison Moose Lake" appears to be merely the name of a prison facility, and it is not a cognizable legal entity that can be sued as such.

"screening" pursuant to Title 28 U.S.C. § 1915A.  Section 1915A(a), which is part of the Prison Litigation Reform Act of 1995 ("the PLRA"), requires Federal Courts to screen the pleadings in every civil action brought by a prisoner against governmental entities and/or employees "before docketing, if feasible or, in any event, as soon as practicable after docketing."  The Court must determine which aspects of the pleading are actionable and should be allowed to proceed.  If the pleading fails to state a legally cognizable claim, the action must be dismissed.  Title 28 U.S.C. §1915A (b)(1).

   Here, it is readily apparent that the Plaintiff has failed to plead any legally cognizable claim, and therefore, the action must be summarily dismissed in its entirety. The Plaintiff has not even clearly identified who he is attempting to sue in this action. If he is trying to sue the State of Minnesota, as is suggested by his IFP Application, then his action fails, because the State is immune from suit in Federal Court under the Eleventh Amendment.  Furthermore, the Plaintiff has not alleged any facts, nor any legal grounds, that could cause the State to be liable to him.  If the Plaintiff is trying to sue someone other than the State, he has not adequately identified that party, nor has

he offered any factual or legal grounds for suing that party. Finally, the Plaintiff has not described the relief, if any, that he is seeking in this action.[4]

Therefore, we find that the Plaintiff has failed to state a cause of action upon which relief can be granted, and that his action must be summarily dismissed pursuant to Title 28 U.S.C. §1915A(b)(1). It follows that the Plaintiff's Application IFP standing must also be denied, as moot. See Title 28 U.S.C. §1915(e)(2)(B)(ii). Ordinarily, we would hold the Plaintiff liable for the unpaid balance of the $250 filing fee,[5] but his pleading is so inchoate, and primeval, as to render such payment unfair,

---

[4] If, for instance, the Plaintiff is seeking an injunction that would release him from segregated confinement, or provide him with some type of special medical treatment, then his action has become moot, because he is no longer incarcerated at the prison facility mentioned in his pleading. See, Smith v. Hundley, 190 F.3d 852, 855 (8th Cir. 1999) ("[A]n inmate's claims for declaratory and injunctive relief to improve prison conditions [are] moot when he [has been] transferred to another facility and [is] no longer subject to those conditions").

[5] Under the PLRA, prisoners may be excused from pre-paying the full amount of the applicable filing fee before filing an action. However, Title 28 U.S.C. §1915(b) clearly states that prisoners "shall be required to pay the full amount of the filing fee." In other words, prisoners are permitted to file actions without paying the full filing fee in advance, but they still remain liable for the fee. Ashley v. Dilworth, 147 F.3d 715, 716 (8th Cir. 1998)("The purpose of the [PLRA] was to require all prisoner-litigants to pay filing fees in full, with the only issue being whether the inmate pays the entire filing fee at the initiation of the proceeding or in installments over a period of time"). Nothing in the PLRA suggests that the dismissal of a prisoner's action would extinguish the ultimate obligation to pay the filing fee. See, In re Tyler, 110 F.3d 528,
(continued...)

under these unique circumstances. Similarly, we recommend that the dismissal of this action not be counted as a "strike" against the Plaintiff for purposes of Title 28 U.S.C. §1915(g).

NOW, THEREFORE, It is --

RECOMMENDED:

1.   That the Plaintiff's Complaint, [Docket No. 1] be summarily dismissed pursuant to Title 28 U.S.C. §1915A(b)(1).

2.   That the Plaintiff's Application to Proceed Without Prepayment of Fees [Docket No. 2], be denied.

3.   That the Plaintiff not be required to pay the unpaid balance of the Court filing fee, namely the full $250.00, as would ordinarily be required by Title 28 U.S.C. §1915(b)(2).

---

[5](...continued)
529-530 (8th Cir. 1997)("[T]he PLRA makes prisoners responsible for their filing fees the moment the prisoner brings a civil action or files an appeal.").

4. That, for purposes of Title 28 U.S.C. § 1915(g), this action not be counted as a strike against the Plaintiff.

Dated:  June 29, 2005             *s/Raymond L. Erickson*
                                   Raymond L. Erickson
                                   UNITED STATES MAGISTRATE JUDGE

# N O T I C E

Pursuant to Rule 6(a), Federal Rules of Civil Procedure, D. Minn. LR1.1(f), and D. Minn. LR72.2(b), any party may object to this Report and Recommendation by filing with the Clerk of Court, and by serving upon all parties **by no later than July 18, 2005**, a writing which specifically identifies those portions of the Report to which objections are made and the bases of those objections. Failure to comply with this procedure shall operate as a forfeiture of the objecting party's right to seek review in the Court of Appeals.

If the consideration of the objections requires a review of a transcript of a Hearing, then the party making the objections shall timely order and file a complete transcript of that Hearing **by no later than July 18, 2005**, unless all interested parties

stipulate that the District Court is not required by Title 28 U.S.C. §636 to review the transcript in order to resolve all of the objections made.